UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN (Green Bay)

UNITED STATES OF AMERICA,

    Plaintiff,

              Case No. 21-CR-175

  v.

SCOTT D. SUNDBERG,

    Defendant.

**DEFENDANT'S SENTENCING MEMORANDUM**

### I. INTRODUCTION

The Government filed a one-count Indictment on August 17, 2021, against Scott D. Sundberg. [R: 6]. Count 1 of the Indictment charges that between approximately August 5, 2021, and August 13, 2021, in the State and Eastern District of Wisconsin, Mr. Sundberg, using a facility and means of interstate commerce, did knowingly attempt to persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years to engage in sexual activity for which he could be charged with a criminal offense, namely, sexual contact and sexual intercourse in violation of Wisconsin Statute Section 948.02(2), all in violation of Title 18, United States Code, 2422(b). A Plea Agreement was filed with the Court on October 12, 2021 [R: 10], and Mr. Sundberg pled "guilty" to the sole charge on October 13, 2021 [R: 11]. The Presentence Investigation Report was filed on January 11, 2022[R: 13] and Sentencing is set for January 18, 2022. [R:12].

### II. DISCUSSION

In imposing sentence, the Court considers the factors set forth in 18 U.S.C. § 3553(a). After considering these factors, the Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing: just punishment, deterrence, protection of the public, and provision of correctional treatment. 18 U.S.C. § 3553(a). While the Court must consider the sentence recommended by the Guidelines, it "may not perfunctorily impose a guidelines sentence or even presume that such a sentence is appropriate in a given case." *U.S. v.*

1

*Warner*, 792 F.3d 847, 855 (7th Cir. 2015). "The Guidelines are an advisory starting point for a judge, but after correctly calculating a guideline range, the judge has discretion to select an appropriate sentence for the individual defendant and the surrounding circumstances." *U.S. v. Musgraves*, 883 F.3d 709, 715 (7th Cir. 2018).

The Government and Mr. Sundberg agree that the mandatory minimum imprisonment sentence of 120 months is such a sentence. [R. 10, ¶18]. Mr. Sundberg leaves the length of supervised release to the Court. Mr. Sundberg agrees with the mandatory and proposed conditions of release as outlined in the Presentence Investigation Report. Such a sentence justly punishes Mr. Sundberg, deters others and Mr. Sundberg himself from engaging in similar conduct, protects the public, and forces Mr. Sundberg to engage in the treatment necessary to address his underlying psychological and psychosexual issues.

## A. Nature and Circumstances of the Offense

Between August 05, 2021, and August 13, 2021, Mr. Sundberg electronically communicated with an individual whom he believed was a 41-year-old woman named "Lisa.[1]" The communication's core concept centered upon Mr. Sundberg traveling from Ishpeming, Michigan, to Oshkosh, WI, in order to have sexual intercourse with "Lisa" and her daughter "Kay." Mr. Sundberg believed "Kay" was a 15-year-old girl. Mr. Sundberg shared child pornography with "Lisa" and sent videos of himself masturbating. The undercover officers acting as "Lisa/Kay" arranged for Mr. Sundberg to travel to Oshkosh for the proposed purpose of having sexual contact. Pursuant to this arrangement, Mr. Sundberg traveled to and was arrested in Oshkosh on August 13, 2021. Materials referenced in his communications with "Lisa/Kay" were found on his person, in addition to marijuana and associated paraphernalia.

## B. History and Characteristics of the Defendant

Mr. Sundberg has no juvenile or criminal record. [R: ¶39-40]. He is a veteran. *Id.* at ¶76-77. While his employment history is unsteady, Mr. Sundberg has maintained employment throughout his life until the time of his arrest. *Id.* at ¶68-75. His mother described him as a "loving and caring individual who has exhibited those traits to his friends and family his entire life." *Id.* at ¶51. She described him as more of a leader than a follower, and she expressed concern over his self-esteem. Ms. Sundberg detailed a need for mental health treatment so that her son may address

---

[1] Both "Lisa" and "Kay" are fictional names created by law enforcement for the purpose of investigating online child pornography.

his depression and current circumstances. *Id.* at ¶53. She was "flabbergasted" and "totally surprised" to learn of his arrest. *Id.*

Outside this offense, Mr. Sundberg reports being a family-oriented person that has dedicated his life to the service and protection of others. *Id.* at ¶62. He respects the law and disdains criminal activity. *Id.* at ¶63. Despite his current reality, Mr. Sundberg still dreams of having a family of his own, and he intends on rebuilding everything lost due to his conduct in this matter. *Id.* Mr. Sundberg seeks mental health treatment and further vocational training while incarcerated so that he may be in the best position to succeed upon his release from confinement.

## C. 18 U.S.C. § 3553(a)(2) Considerations

### 1. Seriousness of the Offense

While "Lisa" and "Kay" do not represent actual, living individuals, Mr. Sundberg understood them to be. Congress has made clear that regardless of whether the individual Mr. Sundberg communicated with existed, the offense is to be taken very seriously. Mr. Sundberg understands and appreciates this. Throughout the Presentence Interview, Mr. Sundberg exhibited a sincere feeling of disgust toward himself for his actions in this matter. In expressing this sentiment, Mr. Sundberg stated, "I hate myself for what I did. I became the one thing I despise. What I did is not right. I've become my own worst enemy." [R: 13, ¶63]. Mr. Sundberg has never been arrested, yet he now finds himself facing a mandatory minimum sentence of 120 months in a federal prison—the seriousness of the offense is abundantly clear to him.

### 2. Just Punishment; Deterrence; Needed Correctional Treatment

The mandatory minimum sentence will cause Mr. Sundberg to be confined for a period that is 10 times as long as any prior period of incarceration, which is nonexistent. This is significant because a lesser period of imprisonment will suffice to deter a defendant not previously subject to lengthy incarceration, as opposed to a defendant who has already served serious time yet continues to re-offend. *United States v. Rodriguez*, 322 F.Supp.3d 907, 910 (E.D. Wis. 2018). This conviction requires him to register as a sex offender, it takes away his firearm privileges, and it has many other collateral consequences outside of confinement. The mandatory minimum sufficiently punishes Mr. Sundberg and deters himself and others from engaging in similar contact in the future.

As this case has progressed, Mr. Sundberg has come to the realization that he needs mental health treatment both now and in the future. [R. 13¸¶61.]. Mr. Sundberg's mother, Diane, further

3

elaborated on Mr. Sundberg's need for mental health treatment. [R. ¶51 – 53]. Ms. Sundberg describes her son as suffering from depression and self-esteem issues. *Id.* She believes that "he thinks he's not good enough for anybody." *Id.* at ¶52. Ms. Sundberg expressed a hope that Mr. Sundberg will receive treatment while incarcerated to address his current circumstances, his actions in this matter, and any past trauma. *Id.* The mandatory minimum sentence allows for Mr. Sundberg to receive adequate correctional treatment.

### 3. Protection of the Public

The public obviously requires protection from the types of behavior Mr. Sundberg engaged in. The significant loss of freedom and other collateral consequences that stem from the mandatory minimum, in addition to correctional treatment and close supervision upon release, sufficiently protect the public.

### D. Application of Sentencing Guidelines

Mr. Sundberg agrees with the guideline calculations set forth in the Presentence Investigation Report [R: 13, ¶79-89]. The guidelines in this case recommend a period of imprisonment between 70 and 87 months. However, because of the mandatory minimum, the guideline term of imprisonment is 120 months.

The Sentencing Commission, the United States Department of Justice, and other interest individuals and groups are urging for the reconsideration of the Guidelines with respect to child exploitation crimes. *See* United States Sentencing Commission, *Report to Congress: Federal Child Pornography Offenses*, 311-331 (2012); U.S. Dept. of Justice, *Letter to the Honorable Paul B. Saris, Chair, United States Sentencing Commision*, at I. (Mar. 5, 2013). The Courts have analyzed the flaws in child pornography cases. *See, e.g., United States v. Huffstatler*, 571 F.3d 620, 622-23 (7th Cir. 2009) (grouping various district court cases disagreeing with harshness of child pornography guidelines); *United States* v. *Henderson*, No. 09-50544, 2011 WL1613411, at *5-7 (9th Cir. Apr. 29, 2011); *United States v. Grober*, 624 F.3d 592, 603-07 (3d Cir. 2010); *United States v. Dorvee*, 616 F.3d 174, 184-87 (2d Cir. 2010); *United States v. Diaz*, 720 F.Supp2d 1039, 1041-47 (E.D. Wis. 2010). As explained in *United States v. Stone*, lengthy sentencing guidelines applicable for first-offender sentences in these types of cases are usually reserved for crimes of violence. 573 F.3d 83, 97 (1st Cir. 2009).

### III.   CONCLUSION

Mr. Sundberg comes before the Court having never previously been convicted of any crime. He has accepted responsibility for his actions and is prepared to face the consequences. The mandatory minimum sentence will justly punish Mr. Sundberg, deter others and himself from engaging in similar conduct, protect the public, and affords Mr. Sundberg necessary treatment.

Mr. Sundberg respectfully requests that the Court recommend to the Bureau of Prisons that he serve his sentence at FCI Sandstone in Minnesota.

Dated at Green Bay, Wisconsin on Monday, January 17, 2022.

Respectfully submitted,

*/s/ Scott L. Stebbins*
Scott L. Stebbins
Attorney for Defendant
WI Bar #1097832
Law Offices of Crowell & Schuchart, LLC
130 East Walnut Street, 7th Floor
Green Bay, WI 54301
Telephone: 920-430-3090
Fax: 920-436-9367
Email: scott@titletownattorney.com